IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES D. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY; ERIC TAYLOR, FORMER WARDEN; FRANK LOBERTO, FORMER DEPUTY WARDEN; JOSEPH RIBA, CAMDEN COUNTY CLERK; DAVID OWENS, WARDEN; and KATE TAYLOR, WARDEN,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-2748(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
James D. Williams, Plaintiff Pro Se
4327909
330 Federal Street
Camden, NJ 08103

**SIMANDLE, District Judge:**

I. <u>INTRODUCTION</u>

    1. Plaintiff James D. Williams ("Plaintiff") seeks to bring a civil rights action pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Plaintiff has filed suit against: Camden County Correctional Facility ("CCCF"); Eric Taylor ("E. Taylor") as Former Warden at CCCF; Frank Loberto ("Loberto") as Former Deputy Warden at CCCF; Joseph Riba ("Riba") as Camden County Clerk; David Owens ("Owens") as Warden at CCCF; and Kate Taylor ("K. Taylor") as

Warden at CCCF (E. Taylor, Loberto, Riba, Owens, and K. Taylor are referred to collectively as "the Individual Defendants"). (ECF No. 1.)

2. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

3. For the reasons set forth below, the Complaint: (a) is dismissed with prejudice as to CCCF; (b) is dismissed with prejudice as to claims of overcrowding that arose during CCCF incarcerations from which Plaintiff was released before April 21, 2015; (c) shall proceed against the Individual Defendants as to claims of overcrowding that arose during CCCF incarcerations from which Plaintiff was released on or after April 21, 2015; (d) is dismissed with prejudice as to Plaintiff's claims of uncleanly conditions of confinement regarding scabies and a lesion; and (e) is dismissed without prejudice as to Plaintiff's claim of uncleanly conditions of confinement regarding change of eye color and loss of vision.

## II. BACKGROUND

4. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only.

2

The Court makes no findings as to the truth of Plaintiff's allegations.

5. Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF from overcrowding and unsanitary living conditions. (ECF No. 1 at 4-5.)

6. Plaintiff alleges that these events occurred "in the years 2005 & 2006," "in the years 2010 [and] 2011," and 2016. (*Id*. at 4, 5.)

7. Plaintiff contends that he sustained various injuries in connection with the alleged events, including scabies infection, hernia tear, "cervical vertebrae misalignment," "near constant sharp shooting pain down my neck and into my left arm & my left shoulder," and vision impairment. (*Id*.)

8. As to requested relief, Plaintiff seeks "a sound judgment to rectify this situation as soon as possible and to resolve peacefully monetary values concerning my life an[d] health." (*Id*. at 5.)

III. **STANDARDS OF REVIEW**

A. **Standards for a Sua Sponte Dismissal**

9. Section 1915(e)(2) requires review of complaints prior to service in cases in which plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

3

who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is a prisoner proceeding *in forma pauperis* and is filing a claim about the conditions of his confinement.

10. To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B. Section 1983 Actions**

11. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

12. To state a claim for relief under § 1983, a plaintiff

must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**IV. DISCUSSION**

13. Plaintiff's claims of unconstitutional conditions of confinement due to overcrowding and uncleanly conditions will be dismissed with prejudice in part, will proceed in part, and will be dismissed without prejudice in part, as explained below.

**A. Claims Against CCCF: DISMISSED WITH PREJUDICE**

14. Plaintiff's claims against CCCF must be dismissed with prejudice because CCCF is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

**B. Overcrowding Claim: DISMISSED WITH PREJUDICE IN PART and SHALL PROCEED IN PART AGAINST THE INDIVIDUAL DEFENDANTS**

15. Construing the Complaint's factual allegations liberally in Plaintiff's favor based on his *pro se* status (*see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)), the Court finds

5

that they plausibly set forth sufficient factual support for a claim regarding unconstitutionally overcrowded conditions of confinement. However, the Court accepts the Complaint's factual allegations as true for screening purposes only and makes no finding about the actual merits, if any, of Plaintiff's overcrowding claim.

16. Specifically, Plaintiff alleges that CCCF's overcrowded conditions of "never less than 3 people in any cell" compelled him "to keep [my] legs under the steel frame of the sleeping racks which are 6"-9" off the cement floor" and resulted in "nearly unbearable pain" and his subsequent need to use "a hernia retention belt." (ECF No. 1 at 5.) He maintains that as a result of these conditions, he "now ha[s] cervical vertebrae misalignment and near constant sharp shooting pain down my neck and into my left arm." (*Id*. at 6-7 (referred to as the "Overcrowding Claim").) Plaintiff alleges that "my medical problems have been caused by conditions at this jail." (*Id*. at 5.) Plaintiff further states that "CCCF & its correctional officers staff inclusive from guards to management staff including wardens & [E. Taylor, Loberto, Owens] as well as the outsourced medical, food & ancillary staff have all known the severe overcrowding at CCCF is primarily if not exclusively responsible for the serious health and personal safety issues at

this jail which were not addressed in any way until September of 2016." (*Id.* at 4.)

17. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted). Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard*, 538 F.3d at 233.

18. Here, liberally construing the Complaint as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has alleged sufficient facts to plausibly support a reasonable inference that an unconstitutional overcrowding violation occurred in order to survive review under § 1915. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. Furthermore, Plaintiff has also alleged the requisite "personal involvement by [individual jail personnel] in a[] constitutional violation." *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). *See also Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

19. The Overcrowding Claim shall therefore be permitted to proceed against the Individual Defendants in their individual capacities, but only to the extent this Claim arises from incarcerations from which Plaintiff was released on or after April 21, 2015.[1]

---

[1] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought

20. With respect to Plaintiff's request for "a sound judgment to rectify this situation as soon as possible" (ECF No. 1 at 5 (seeking both injunctive and monetary relief)), the Court advises Plaintiff that he was one of thousands of members of a certified class in the case on this Court's docket entitled, *Dittimus-Bey v. Camden County Correctional Facility*, Civil No. 05-cv-0063 (JBS), which was a class action case. The class plaintiffs were all persons confined at the Camden County Correctional Facility ("CCCF"), as either pretrial detainees or convicted prisoners, at any time from January 6, 2005 until June 30, 2017. The class of plaintiffs sought injunctive and declaratory relief about unconstitutional conditions of confinement at the CCCF involving overcrowding. That class action did not involve money damages for individuals. A proposed final settlement of that case, which describes the settlement in detail, was preliminarily approved on February 22, 2017. Various

---

within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Allegedly unconstitutional conditions at CCCF would have been immediately apparent to Plaintiff during detention. Therefore, to the extent the Complaint seeks relief for overcrowding that Plaintiff encountered during periods of confinement that ended prior to April 21, 2015, those claims are time-barred because the two-year statute of limitations expired before the Complaint was filed on April 21, 2015.

measures undertaken in several Consent Decrees under court approval reduced the jail population to fewer prisoners than the intended design capacity for the jail. This greatly reduced or eliminated triple and quadruple bunking in two-person cells, as explained in the Sixth and Amended Final Consent Decree, which continues those requirements under court supervision. According to the Notice to all class members that was approved in the *Dittimus-Bey* case on February 22, 2017, any class member could object to the proposed settlement by filing an objection in the *Dittimus-Bey* case before April 24, 2017. A court hearing occurred on May 23, 2017, at which objections were to be considered. This Court finally approved the *Dittimus-Bey* settlement on June 30, 2017, and that settlement bars Plaintiff and other class members from seeking injunctive or declaratory relief for the period of time from January 6, 2005 through June 30, 2017, but the settlement did not bar any individual class member from seeking money damages in an individual case. In other words, the Final Consent Decree in *Dittimus-Bey* did not adjudicate or deal with any individual money damage claims. Indeed, claims for money damages were not sought in *Dittimus-Bey* and inmates were free to pursue individual claims for monetary relief under 42 U.S.C. § 1983 by filing an individual complaint.

21. Plaintiff, a class member in *Dittimus-Bey*, is bound by that case's final judgment in which class members are deemed to

release claims for injunctive and declaratory relief against Camden County and its officers and employees through the final judgment date of June 30, 2017. This means that Plaintiff, like all class members, can no longer obtain injunctive relief beyond that authorized in the Consent Decree for jail conditions during the class period. But that litigation did not involve individual inmates' or detainees' claims or class claims for money damages, which must be sought and proved on an individual claim basis

    C.    <u>**Uncleanly Conditions Claims: DISMISSED WITH PREJUDICE IN PART and DISMISSED WITHOUT PREJUDICE IN PART**</u>

    22.    Plaintiff asserts that: (a) CCCF had an "infestation of scabies" in "the years of 2005 & 2006" (ECF No. 1 at 4-5 (referred to as the "Scabies Claim")); (b) he experienced "a small bump (approximately quarter sized in my left groin area) in the years 2010 [and] 2011" (*id.* at 5 (referred to as the "Lesion Claim")); and (c) "some environmental factor or factors at the jail" have caused him to experience "vision loss" and change of eye color "from blue to grayish brown." (*Id.* at 5 (referred to as the "Eye Claim").) This Court reasonably construes these three claims to allege that Plaintiff suffered injuries from uncleanly conditions while incarcerated at CCCF.

    23.    A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates

11

their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997).

24. Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). When a pretrial detainee complains about the conditions of his confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Id*. at 159-60 (citations omitted). The objective component of this unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious," and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

25. In this case, however, Plaintiff's Scabies Claim and Lesion Claim must be dismissed with prejudice as they are

untimely and therefore barred by the statute of limitations. As noted above, civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *Wilson*, 471 U.S. at 276; *Dique*, 603 F.3d at 185. Here, Plaintiff alleges the scabies "infestation" occurred in 2005-2006 (ECF No. 1 at 4-5), and the "small bump" occurred in 2010-2011. (*Id*. at 5.) Therefore, to the extent the Complaint seeks relief for uncleanly conditions that would have been immediately apparent to Plaintiff during confinements that ended prior to April 21, 2015, those claims are time-barred; the two-year statute of limitations for such claims expired before the Complaint was filed on April 21, 20173. Although courts may extend statutes of limitations in the interests of justice, certain circumstances must be present. Tolling is not warranted here because Plaintiff has not been "actively misled" as to the existence of his causes of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claims, and there is nothing to indicate he filed his claims on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

26. As to Plaintiff's third uncleanly conditions of confinement claim, the Eye Claim must be dismissed without prejudice as it fails to state a claim. Specifically, Plaintiff does not allege facts to satisfy the objective or subjective

13

components of Fourteenth Amendment Due Process analysis, as the Court now explains.

27. As to the constitutional test's objective prong, Plaintiff does not offer any facts identifying or otherwise describing the supposed "environmental factor or factors" (ECF No. 1 at 5) purportedly prompting "vision loss" and causing his eyes to change color. Rather, he merely states in conclusory fashion without any factual support: "My medical problems have been caused by conditions at this Jail, plain & simple. It can't be denied." (ECF No. 1 at 5 ("I'm supposed to see an eye specialist, . . . but I still have not seen anyone other than jail medical staff to this point in time").) In short, there are no facts in the Complaint plausibly suggesting that any particular unsanitary condition at CCCF was imposed as "punishment" upon Plaintiff.

28. As to the constitutional test's subjective prong, Plaintiff also has not alleged facts plausibly raising a reasonable inference that CCCF personnel were aware of, and disregarded, a substantial risk to Plaintiff's eye health and safety from uncleanly conditions at CCCF. (*Id*. at 5.) Rather, Plaintiff states that he complained to CCCF personnel only as to overcrowding. (*Id*. at 4.)

29. Accordingly, the Eye Claim shall be dismissed without prejudice for failure to state a claim. 28 U.S.C. §

1915(e)(2)(b)(ii). Plaintiff may be able to amend the Complaint to particularly identify uncleanly conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket.[2]

V. **CONCLUSION**

30. Plaintiff's Complaint is dismissed with prejudice in part, shall proceed in part, and is dismissed without prejudice in part, as follows:

---

[2] The amended complaint shall be subject to judicial screening prior to service. Plaintiff is further advised that any amended complaint must plead specific facts regarding the uncleanly conditions of confinement. In the event Plaintiff files an amended complaint, Plaintiff must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

a. The Complaint is dismissed with prejudice as to CCCF;

b. The Overcrowding Claim is dismissed with prejudice as to incarcerations from which Plaintiff was released prior to April 21, 2015, meaning that Plaintiff cannot recover for those claims because they have been brought too late and are time-barred by the statute of limitations;

c. The Overcrowding Claim shall proceed against the Individual Defendants with respect to incarcerations from which Plaintiff was released on or after April 21, 2015;

d. The Scabies Claim and Lesion Claim are dismissed with prejudice because they have been brought too late and are time-barred by the statute of limitations; and

e. The Eye Claim is dismissed without prejudice for failure to state a claim.

An appropriate order follows.

| | |
|---|---|
| **April 30, 2018** | **s/ Jerome B. Simandle** |
| Dated | JEROME B. SIMANDLE |
| | U.S. District Judge |